UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEVON LEONARD, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

THE COMMUNITY BUILDERS, INC.,

*Defendant.*

COLLECTIVE AND CLASS ACTION COMPLAINT

Jury Trial Demanded

Civil Docket No.:

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Devon Leonard, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant The Community Builders, Inc., and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This is a collective action on behalf of Plaintiff and all others similarly situated who work or worked for Defendant The Community Builders, Inc. ("Defendant") as hourly-paid maintenance technicians and other similarly situated employees ("Maintenance Technicians"), and who were not paid all overtime compensation and other wages due for all compensable hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Plaintiff brings this action individually and on behalf of all other similarly situated hourly-paid employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation and other wages unlawfully withheld by Defendant, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff brings this action for himself and all other similarly situated hourly-paid Maintenance Technicians to recover unpaid wages, overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

4. Defendant violates the FLSA through unlawful timekeeping and payroll practices for hourly-paid employees, including:

a. Failing to pay employees for all time worked, including overtime compensation, for mandatory training time;

b. Failing to pay employees for all time worked, including overtime compensation, for work performed during automatically deducted meal breaks; and

c. Failing to pay employees at the required overtime rate that is derived from a regular rate of pay calculation that includes non-discretionary remuneration.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative "FLSA Collective," defined as:

*All hourly-paid Maintenance Technicians and other similarly situated hourly-paid employees employed by Defendant at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

6. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all similarly situated hourly-paid employees of Defendant, informing them of their right to opt in to this action and assert claims under the FLSA.

7. Plaintiff asserts his Maryland wage-and-hour claims individually and pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative "Maryland Class" defined as follows:

> *All hourly-paid Maintenance Technicians and other similarly situated hourly-paid employees employed by Defendant in Maryland at any time during the three (3) years preceding the filing of this Complaint through the date of final judgment.*

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts with Plaintiff's federal claims.

10. The Court has general personal jurisdiction over Defendant because it is domiciled in Massachusetts.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

### Defendant

12. Defendant is a business entity that builds, develops, maintains, and manages residences across the United States.

13. Defendant is a Massachusetts nonprofit corporation. Defendant's principal place of business is located at 33 Arch Street, Suite 1000, Boston, Massachusetts 02110.

14. Defendant conducts substantial business in Maryland, including operating residential buildings where Plaintiff and other similarly situated employees worked.

**Plaintiff**

15. Plaintiff Devon Leonard is an individual residing in Anne Arundel County, Maryland.

16. Plaintiff was employed by Defendant as a maintenance technician from approximately April 2025 through approximately January 2026.

17. As a maintenance technician, Plaintiff was paid on an hourly basis and was subject to Defendant's timekeeping and payroll policies.

18. Plaintiff performed work for Defendant in Maryland as a maintenance technician at Defendant's location in Annapolis, Maryland.

19. Plaintiff's written consent to become a party plaintiff under the FLSA is filed herewith pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

## FACTUAL ALLEGATIONS[1]

**Defendant's Business and Coverage**

20. Defendant owns and manages over 14,000 apartment homes throughout the United States.

21. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

22. Defendant has employees engaged in commerce or in the production of goods for commerce, and has employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce.

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three (3) years prior to the filing of this Complaint through the present through the date of judgment.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.

24. Defendant is the employer of hourly-paid Maintenance Technicians and other similarly situated employees within the meaning of the FLSA, the MWHL, and the MWPCL.

**Plaintiff's Employment and Pay Practices**

25. Hourly-paid Maintenance Technicians work for Defendant at Defendant's residential locations.

26. Defendant tracks and pays hourly-paid Maintenance Technicians through electronic timekeeping and payroll systems.

27. Supervisors control scheduling, reporting times, time approval, and payroll practices affecting hourly-paid Maintenance Technicians' paid hours.

28. Hourly-paid Maintenance Technicians' primary job duties include, *inter alia*, general maintenance work, janitorial duties, and turning over apartments when they become available.

29. Defendant requires hourly-paid workers to follow work schedules that typically consist of at least five shifts per week, each consisting of at least eight (8) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

30. Plaintiff worked for Defendant as an hourly-paid Maintenance Technician with the title "Maintenance 1" in Maryland during the relevant period.

**Defendant's Unlawful Timekeeping and Payroll Practices**

31. Defendant maintains timekeeping and payroll practices that fail to record and pay hourly-paid Maintenance Technicians for all compensable work time, including work performed during automatically deducted meal periods.

32. Defendant controls the timekeeping process, including reporting times, time recording practices, time approval, and the recording of meal periods.

33. Defendant automatically deducts meal-period time from hourly-paid Maintenance Technicians' paid time, even when hourly-paid Maintenance Technicians perform work during those periods or are not fully relieved of duty.

34. Defendant does not ensure that all work performed during deducted meal periods and all other compensable work time is recorded and paid.

35. As a result of these practices, Defendant understates hourly-paid Maintenance Technicians' total hours worked.

36. By understating Maintenance Technicians' total hours worked, Defendant fails to pay all straight-time and overtime wages due for compensable work time.

37. Defendant applies these timekeeping and payroll practices to hourly-paid Maintenance Technicians as part of common policies or practices.

**Automatic Meal-Period Deductions**

38. Defendant maintains a practice of automatically deducting meal-period time from hourly-paid Maintenance Technicians' paid hours.

39. Hourly-paid Maintenance Technicians do not always receive bona fide, uninterrupted meal periods during the time deducted.

40. Because of the volume and nature of Maintenance Technicians' work, hourly-paid Maintenance Technicians often continue working during deducted meal periods or receive only brief or interrupted breaks.

41. Defendant deducts meal-period time even when hourly-paid Maintenance Technicians are not fully relieved of duty.

42. Defendant does not restore deducted meal-period time to paid hours when hourly-paid Maintenance Technicians continue working through all or part of the deducted period.

43. As a result of these practices, Defendant fails to pay hourly-paid Maintenance Technicians for all compensable work time and excludes compensable time from overtime calculations.

**Overtime Underpayment**

44. Defendant regularly suffers or permits hourly-paid Maintenance Technicians to work more than forty (40) hours in one or more workweeks.

45. Despite suffering or permitting hourly-paid Maintenance Technicians to work more than forty (40) hours in one or more workweeks, Defendant fails to pay them overtime compensation for all hours worked in excess of forty (40) in a workweek.

46. Defendant's failure to record and pay all compensable work including work performed during automatically deducted meal periods causes hourly-paid Maintenance Technicians' total hours worked to be understated.

47. By understating hourly-paid Maintenance Technicians' total hours worked, Defendant fails to pay all overtime compensation due for hours worked over forty (40) in a workweek.

48. In some workweeks, Defendant pays some overtime compensation, but not all overtime compensation owed, because Defendant excludes compensable work time from hourly-paid Maintenance Technicians' total hours worked and overtime calculations.

49. In other workweeks, Defendant's failure to record and pay all compensable work time prevents hours that exceed forty (40) in a workweek from being counted and paid at the required overtime rate.

50. As a result of these practices, Defendant fails to pay hourly-paid Maintenance Technicians overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

**Unpaid Mandatory Training**

51. Defendant requires hourly-paid Maintenance Technicians to complete mandatory training modules as part of their employment.

52. These mandatory training modules are job-related and include, *inter alia*, training concerning fair housing, sexual harassment, bed bugs, first aid, resident interactions, workplace appearance, and other safety and compliance subjects.

53. The mandatory training modules consist of slide-based instructional materials followed by tests that hourly-paid Maintenance Technicians must complete.

54. Defendant requires hourly-paid Maintenance Technicians to complete these training modules as a condition of continued employment.

55. Plaintiff was required to complete mandatory training modules for Defendant during the relevant period.

56. Maintenance Technicians complete mandatory training modules outside of their paid working hours, including after scheduled shifts, on days off, and during unpaid meal periods.

57. Defendant knows or should know that Maintenance Technicians perform unpaid mandatory training work because the training modules are assigned and tracked by Defendant.

58. Defendant does not pay Maintenance Technicians for all time spent completing mandatory training modules.

59. In workweeks when Maintenance Technicians' on-site work and mandatory training time together exceed forty (40) hours, Defendant fails to pay Maintenance Technicians overtime compensation for all hours worked over forty (40) in a workweek.

60. As a result of these practices, Defendant fails to pay Maintenance Technicians all straight-time and overtime wages due for compensable mandatory training time.

**Overtime Rate Miscalculation**

61. Defendant pays Maintenance Technicians non-discretionary remuneration, including "ServiceOnCall" payments, which should be included in the regular rate for purposes of calculating overtime.

62. Defendant fails to include such non-discretionary remuneration in the regular rate, thereby underpaying overtime wages in violation of the FLSA, MWHL, and MWPCL.

63. For example, in the pay period of September 20, 2025 to October 3, 2025, Plaintiff was paid:

a. 80.00 hours of Regular pay at a rate of $21.000 per hour, equating to $1,680.00;

b. 16 hours of Overtime pay at a rate of $31.5000 per hour, equating to $504.00;

c. And $50.00 in compensation labeled "ServiceOnCall".

64. In this pay period, Defendant did not incorporate the $50.00 in compensation labeled "ServiceOnCall" into the calculation of the rate at which the 16 hours of Overtime were paid.

65. Thus, Defendant shorted Plaintiff a portion of his overtime compensation.

66. Defendant's unlawful pay practices are willful and not made in good faith.

67. As a result, there were many weeks in which hourly-paid workers were deprived of overtime compensation of 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

**Defendant’s Willful Violations**

68. Defendant knows, or shows reckless disregard for whether, hourly-paid Maintenance Technicians perform compensable work for training and during automatically deducted meal periods.

69. Defendant knows, or shows reckless disregard for whether, its timekeeping and payroll practices fail to capture and pay hourly-paid Maintenance Technicians for all compensable work time.

70. Defendant knows, or shows reckless disregard for whether, excluding compensable training time and compensable work performed during automatically deducted meal periods, reduces Maintenance Technicians’ total recorded hours and overtime compensation.

71. Defendant knows, or shows reckless disregard for whether, it is required to include additional compensation including “ServiceOnCall” pay in each worker’s “regular rate of pay” for purposes of calculating his or her overtime premium compensation, but failed to do so.

72. Defendant controls the policies and practices governing reporting times, time recording procedures, meal-period deductions, time approval, and payroll for hourly-paid Maintenance Technicians.

73. Defendant applies these timekeeping and payroll practices to hourly-paid Maintenance Technicians as part of common policies or practices.

74. Defendant's violations are willful because Defendant knows, or shows reckless disregard for whether, its timekeeping and payroll practices fail to pay hourly-paid Maintenance Technicians for all compensable work time and all overtime compensation due.

## COLLECTIVE ACTION ALLEGATIONS

75. Plaintiff re-alleges and incorporates all previous paragraphs herein.

76. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective defined above with respect to the wage-and-hour claims.

77. Plaintiff and other members of the FLSA Collective regularly work more than forty (40) hours in a workweek as suffered or permitted by Defendant.

78. Defendant subjects Plaintiff and other members of the FLSA Collective to uniform and unlawful timekeeping and payroll practices that result in employees not being paid for all compensable work time and not receiving all overtime compensation required by the FLSA.

79. These unlawful practices arise from common timekeeping and payroll practices applied to hourly-paid Maintenance Technicians, not discretionary decisions unique to individual employees.

80. Defendant fails to pay Plaintiff and other members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, as required by the FLSA.

81. As a result of Defendant's unlawful practices, in many workweeks Plaintiff and other members of the FLSA Collective work more than forty (40) hours but are not paid all overtime compensation at the required premium rate.

82. Defendant's conduct and practices are willful and not undertaken in good faith. Defendant knows, or recklessly disregards, that its timekeeping and payroll practices result in employees not being paid all compensable work time and proper overtime compensation under the FLSA.

83. Plaintiff and other members of the FLSA Collective are subjected to the same common unlawful policies and practices that violate the FLSA.

84. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because Plaintiff and the members of the FLSA Collective are similarly situated within the meaning of 29 U.S.C. § 216(b).

85. Plaintiff and the members of the FLSA Collective are similarly situated because they are all hourly-paid Maintenance Technicians who are subject to the same or similar timekeeping and payroll practices, and their claims arise from the same factual and legal theories.

86. Defendant maintains policies and practices that result in hourly-paid Maintenance Technicians not being paid for all compensable work time, including required unpaid training and work performed during automatically deducted meal periods.

87. Defendant's common timekeeping and payroll practices also result in overtime underpayment by failing to include all compensable work time in overtime calculations in workweeks in which hourly-paid Maintenance Technicians work more than forty (40) hours.

88. Plaintiff estimates that the FLSA Collective consists of numerous similarly situated hourly-paid Maintenance Technicians, and the precise number of FLSA Collective members is readily ascertainable from Defendant's payroll and personnel records.

89. The identity of the members of the FLSA Collective, the hours they work, and the wages paid to them are ascertainable from Defendant's payroll, timekeeping, and personnel records.

## RULE 23 CLASS ACTION ALLEGATIONS

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. Plaintiff seeks to pursue his MWHL and MWPCL claims individually and pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Maryland Class.

92. Plaintiff brings this class action to recover unpaid straight-time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the MWHL and the MWPCL.

93. The identity of the members of the Maryland Class, the hours they work, and the wages paid to them are ascertainable from Defendant's payroll, timekeeping, and personnel records, and damages can be determined through common proof.

94. The members of the Maryland Class are so numerous that joinder of all Class members is impracticable. Plaintiff reasonably estimates that there is a substantial number of Class members. The members of the Maryland Class are readily identifiable from Defendant's payroll, timekeeping, and personnel records.

95. There is a well-defined community of interest among the Maryland Class members, and common questions of law and fact predominate over any questions affecting individual Class members. These common questions include, but are not limited to, whether Defendant maintains common and unlawful timekeeping and payroll practices that fail to pay employees for all compensable work time, whether Defendant fails to pay all straight-time and overtime wages owed, and whether Defendant's practices violate the MWHL and the MWPCL.

96. Plaintiff's claims are typical of the claims of the Maryland Class members in that Plaintiff and all other Class members suffer damages as a direct and proximate result of Defendant's common and systemic timekeeping and payroll policies and practices. All Class members are subject to the same common practices of Defendant, including the failure to pay straight-time and overtime wages. Separate litigation by individual employees would present a risk of inconsistent or varying adjudications.

97. All Class members are treated the same or similarly by Defendant with respect to pay practices, including but not limited to the failure to pay straight-time and overtime wages. Accordingly, common questions of law and fact apply to each and every member of the Maryland Class.

98. Plaintiff will fairly and adequately protect the interests of the Maryland Class. Plaintiff has retained counsel experienced in the prosecution of wage-and-hour class and collective actions. Neither Plaintiff nor his counsel has interests that are antagonistic to or in conflict with the interests of the Maryland Class members.

99. Defendant's common policies and practices affect all Maryland Class members similarly, and Defendant benefits from the same type of unlawful conduct with respect to each Class member. Plaintiff's claims arise from the same legal theories as those of the Maryland Class, making this action manageable and efficient as a Rule 23 class action.

100. Class treatment is also superior because Defendant's liability turns on common timekeeping and payroll practices, and resolution of those issues in a single proceeding will conserve judicial resources and avoid inconsistent adjudications.

101. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class members are

relatively small, making individual litigation economically impracticable. Proceeding as a class action will also avoid duplicative litigation and inconsistent results.

102. This action is manageable as a Rule 23 class action, and Plaintiff and his counsel are aware of no unusual difficulties that would preclude class treatment of the claims.

103. Because the requirements of Rule 23(b)(3) are satisfied, certification of the Maryland Class is appropriate.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**

104. Plaintiff re-alleges and incorporates all previous paragraphs herein.

105. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

106. Defendant suffers and permits Plaintiff and the members of the FLSA Collective to work over forty (40) hours in one or more workweeks.

107. As a result of the policies and practices alleged herein, Defendant fails to pay Plaintiff and the members of the FLSA Collective the full overtime compensation due for hours worked in excess of forty (40) in a workweek.

108. Defendant's conduct and practices, as described herein, are willful and not undertaken in good faith.

109. Because Defendant willfully violated the FLSA, the three (3) year statute of limitations applies to Plaintiff's claims pursuant to 29 U.S.C. § 255(a).

110. As a result of Defendant's uniform and common timekeeping and payroll practices described above, Plaintiff and the members of the FLSA Collective are unlawfully deprived of overtime wages earned, in amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked up to forty (40) hours in workweeks in which overtime is worked, liquidated damages, reasonable attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.***
**Failure to Pay Overtime Wages**

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. The MWHL requires employers to pay employees overtime compensation at a rate of not less than one and one-half (1.5) times their usual hourly wage for all hours worked in excess of forty (40) hours in a workweek. See Md. Code Ann., Lab. & Empl. § 3-415.

113. Defendant is the employer of Plaintiff and the members of the Maryland Class within the meaning of the MWHL.

114. Plaintiff and the members of the Maryland Class are employees of Defendant within the meaning of the MWHL.

115. Defendant employs Plaintiff and the members of the Maryland Class in the State of Maryland during the applicable limitations period.

116. Defendant fails to pay Plaintiff and the members of the Maryland Class all overtime compensation owed for hours worked in excess of forty (40) hours in a workweek, including by failing to pay for compensable mandatory training time and compensable work performed during automatically deducted meal periods.

117. In many workweeks, Plaintiff and the members of the Maryland Class work in excess of forty (40) hours but are not compensated at one and one-half (1.5) times their usual hourly wage for all overtime hours worked.

118. Defendant knows, or shows reckless disregard for whether, its timekeeping and payroll practices fail to ensure that all overtime hours worked by Plaintiff and the members of the Maryland Class are accurately recorded and properly compensated at the required premium rate.

119. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the members of the Maryland Class are unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the MWHL.

**COUNT III**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**
**Violation of Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.***
**Failure to Pay Wages for All Hours Worked**

120. Plaintiff re-alleges and incorporates all previous paragraphs herein.

121. The MWPCL requires employers to pay employees all wages due for work performed. See Md. Code Ann., Lab. & Empl. §§ 3-501 and 3-505.

122. Defendant is the employer of Plaintiff and the members of the Maryland Class within the meaning of the MWPCL.

123. Plaintiff and the members of the Maryland Class are employees of Defendant within the meaning of the MWPCL.

124. Defendant employs Plaintiff and the members of the Maryland Class in the State of Maryland during the applicable limitations period.

125. Plaintiff and the members of the Maryland Class perform compensable work time during automatically deducted meal periods, and/or outside fully credited paid time.

126. The wages Defendant fails to pay include straight-time and overtime wages due for compensable work performed during automatically deducted meal periods, and during other work time that Defendant fails to fully record or credit.

127. Defendant fails to pay Plaintiff and the members of the Maryland Class for all compensable hours worked by, among other things, failing to record and pay for automatically deducting meal-period time even when work is performed, and understating compensable work time through its timekeeping and payroll practices.

128. As a result of Defendant's policies and practices, Plaintiff and the members of the Maryland Class are deprived of straight-time wages and other wages due for compensable work performed, including in workweeks in which overtime compensation is also owed.

129. Defendant knows, or shows reckless disregard for whether, Plaintiff and the members of the Maryland Class perform compensable work for which they are not paid because Defendant controls the timekeeping system, time approvals, meal-period deductions, and payroll practices used to calculate and pay wages.

130. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the members of the Maryland Class are unlawfully deprived of wages earned, in amounts to be determined at trial, and are entitled to recover unpaid wages, enhanced damages as permitted by law, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under the MWPCL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorize notice to be sent to all similarly situated employees informing them of their right to opt into this action;

B. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Maryland Class;

C. Designate Plaintiff as the representative of the FLSA Collective and the Maryland Class and designate Plaintiff's counsel as Class Counsel;

D. Declare that Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*;

E. Award Plaintiff and the members of the FLSA Collective and Maryland Class all unpaid wages due, including unpaid straight-time and overtime compensation;

F. Award liquidated damages as permitted by the FLSA and Maryland law;

G. Award enhanced damages as permitted by the MWPCL;

H. Award pre-judgment and post-judgment interest to the fullest extent permitted by law;

I. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Md. Code Ann., Lab. & Empl. § 3-427, and Md. Code Ann., Lab. & Empl. § 3-507.2;

J. Award such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: June 11, 2026

By: /s Benjamin K. Steffans, Esq.

Benjamin K. Steffans, Esq.
STEFFANS LEGAL PLLC
180 Elm Street, Suite I, Box 183
Pittsfield, MA 01202
T: (413) 418-4176
bsteffans@steffanslegal.com

*Local Counsel for Plaintiff*

Eric Sands (to seek *pro hac vice*)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
eric.sands@jtblawgroup.com

*Lead Counsel for Plaintiff*